IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SAI UNITY LLC DBA/TA COMFORT SUITES, *Plaintiff*, | § § § § § § § § | CASE NO. 5:23-cv-39 |
| v. | | |
| AmGUARD INSURANCE COMPANY, *Defendant*. | | |

## DEFENDANT AmGUARD INSURANCE COMPANY'S NOTICE OF REMOVAL

Notice is given that, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AmGUARD Insurance Company removes this action from the 81st Judicial District Court of La Salle County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division, and as grounds for removal shows the following.

### I.   State Court Action

1. On March 9, 2023, Plaintiff SAI Unity LLC dba/ta Comfort Suites ("Plaintiff") filed its Plaintiff's Original Petition (the "Complaint") in the 81st Judicial District Court of La Salle County, Texas, in a case styled *SAI Unity LLC DBA/TA Comfort Suites v. AmGUARD Insurance Company* and assigned Cause No. 23-03-00025-CVL (the "State Court Action").

2. Plaintiff asserts claims against AmGUARD allegedly arising out Plaintiff's claim under an insurance policy for alleged damage to Plaintiff's property located in Cotulla, Texas (the "Property") in connection with an alleged May 24, 2022, storm. (Compl., ¶¶ 8, 9.) On the basis of these allegations, and without limitation, Plaintiff alleges causes of action against AmGUARD for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud. (*Id.*, ¶¶ 22 – 36.) Also without limitation, Plaintiff

1

seeks damages relating to the alleged cost of repairs to the Property, statutory interest under Chapter 542, treble damages, exemplary damages, and attorneys' fees. (*Id.*, ¶¶ 37 – 48.)

3. AmGUARD removes the State Court Action to this Court on the basis of diversity jurisdiction, on the grounds addressed below.

## II. Procedural Requirements

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(2), 1441, 1446(a).

5. Removal is timely because it is filed within thirty days of AmGUARD being served with the Complaint or making an appearance in the State Court Action. 28 U.S.C. § 1446(b).

6. Under 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR 81, this Notice of Removal is accompanied by copies of the following:

| | | |
|---|---|---|
| **Exhibit A** | Index of matters being filed; | |
| **Exhibit B** | Civil cover sheet; | |
| **Exhibit C** | List of all counsel of record; | |
| **Exhibit D** | State Court docket sheet; | |
| **Exhibit D-1** | Plaintiff's Original Petition; | |
| **Exhibit D-2** | Defendant's Original Answer; and | |
| **Exhibit E** | Return of Service of Citation on AmGUARD (because the return is not yet available, AmGUARD attaches the transmittal summary concerning service of process). | |

As of the date of removal, the state court judge had not signed any orders in the State Court Action.

7. Under 28 U.S.C. § 1446(d), AmGUARD, contemporaneously with the filing of this Notice of Removal, is (1) serving Plaintiff with a copy of the Notice of Removal and (2) filing a copy of the Notice of Removal in the 81st Judicial District Court of La Salle County, Texas.

### III.     Diversity Jurisdiction

8. The Court has diversity jurisdiction in this matter. If there is complete diversity among parties, and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as AmGUARD. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Further, the amount in controversy requirement is satisfied.

**A.     Diversity of citizenship exists between Plaintiff and AmGUARD.**

9. In its Complaint, Plaintiff sues as a limited liability company, but it does not disclose the State of its organization. (*See* Compl., ¶ 2.) Publicly available records filed with the Texas Secretary of State do not include any registration in Texas by Plaintiff. Instead, publicly available records include a registration by "SAI Unity Lodging, Inc." as a Texas domestic corporation. (*See* Ex. F.[1]) Those records show that the officers of SAI Unity Lodging, Inc. are natural persons residing in Shamrock or in Pearsall, Texas, and also that this entity reports as its address the same address at which the real property at issue in this lawsuit is located: 617 Las Palmas Boulevard in Cotulla, Texas. (*Compare* Compl., ¶ 6, *with* Ex. F.) A corporation is a citizen of the State where it was incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, SAI Unity Lodging, Inc. is a citizen of Texas for purposes of diversity jurisdiction. In addition, because a natural person's citizenship is determined by his or her domicile, each of the individual officers of this entity is a citizen of the State of Texas. *Palmaz Scientific, Inc. v. Harriman*, No. SA-15-CA-734-FB, 2015 WL 13298400, at *7 (W.D. Tex. Oct. 7, 2015) (citing *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974)). And, a limited liability

---

[1] True and correct copies of documents available on the Texas Secretary of State's website, including some filed with the Texas Secretary of State by or on behalf of SAI Unity Lodging, Inc., are attached to this Notice as **Exhibit F** and incorporated into this Notice by reference. AmGUARD requests that the Court take judicial notice of these public records under Rule 201(b)(2) of the Federal Rules of Evidence.

company's citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Accordingly, regardless of its status as a limited liability company or a corporation, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

10. AmGUARD is a corporation organized under Pennsylvania law with its principal place of business in Wilkes-Barre, Pennsylvania.[2] Again, a corporation is a citizen of the state where it was incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). AmGUARD is a citizen of Pennsylvania for purposes of diversity jurisdiction.

11. Because Plaintiff is a citizen of Texas, and because AmGUARD, the only defendant, is a citizen of Pennsylvania, complete diversity exists in this case between AmGUARD and Plaintiff. *See* 28 U.S.C. § 1332(c)(1).

**B.    The amount-in-controversy requirement is satisfied.**

12. The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). In assessing the amount in controversy, the Court should consider actual damages, exemplary damages, and attorneys' fees as asserted and alleged by Plaintiff. *White*, 319 F.3d at 675–76. Here, AmGUARD meets its burden because it is apparent from the face of the Complaint that the amount of Plaintiff's claims are likely to exceed $75,000. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

---

[2] Plaintiff does not assert that AmGUARD is a Texas corporation, and it alleges that AmGUARD maintains its principal office in Pennsylvania. (*See* Compl., ¶ 3.)

13. A plaintiff's pleading for a specific sum made in good faith is deemed the amount in controversy. 28 U.S.C. § 1446(c)(2). Here, Plaintiff specifically "seeks relief over $250,000." (Compl., ¶ 48.) So, although AmGUARD denies that Plaintiff is entitled to any damages or relief, Plaintiff's own Complaint establishes that the amount in controversy could not possibly be lower than $75,000, exclusive of interest and costs. (*Id.*, ¶¶ 37 – 48.)

### IV.   Conclusion and Request for Relief

Because there is complete diversity between the parties, and the amount-in-controversy requirement is satisfied, this Court has jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper. On the grounds stated in this Notice, AmGUARD Insurance Company removes this action from the 81st Judicial District Court of La Salle County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division, so that this Court may assume jurisdiction over this cause as provided by law. AmGUARD further requests all other relief to which it is entitled.

Respectfully submitted,

/s/ *Kent Hofmann*
Kent Hofmann
State Bar No. 24032424
khofmann@lockelord.com
Christopher G. Garcia
State Bar No. 24120840
chris.garcia@lockelord.com
LOCKE LORD LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 305-4700 (telephone)
(512) 305-4800 (facsimile)

Attorneys for AmGUARD Insurance Company

**Certificate of Service**

      I certify that a true and correct copy of this Notice of Removal was served on the following attorneys of record on April 11, 2023, by the method stated below, under the Federal Rules of Civil Procedure:

**Via Email and U.S. Mail**
Larry W. Lawrence, Jr.
Michael Lawrence
Celeste Guerra
Lory Pawlak
Lawrence Law Firm
3112 Windsor Road, Suite A234
Austin, Texas 78703
lawrencefirm@gmail.com
celesteguerralaw2017@gmail.com
lory.lawrencefirm@gmail.com

                                            /s/ *Kent Hofmann*
                                            Kent Hofmann

132453123v.1 0055041/00033